UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: LUPRON® MARKETING AND SALES PRACTICES | MDL No: 1430<br>Master File No.: 01-CV-10861 |
| THIS DOCUMENT RELATES TO:<br>ALL CLASS ACTIONS | Judge Richard G. Stearns |

## INTERVENORS-OBJECTORS' OBJECTION TO PLAINTIFFS' FEE PETITION

Intervenors, Valerie Samsell and Milton Greene ("Objectors"), hereby object to the Fee Petition submitted by MDL Plaintiff Counsel on grounds that, *inter alia*, it fails to include the time and expense of state-court class counsel and to the extent it includes fees and expenses beyond those permitted by the MDL Settlement Agreement pending before the Court.

On November 24, 2005, this Court entered an Order Granting Preliminary Approval Of Settlement, Certifying Class For Purposes Of Settlement, Directing Notice To The Class And Scheduling Fairness Hearing (the "November 24 Order"), which incorporated by reference the terms of the November 15, 2004 Settlement Agreement and Release (the "Class Agreement").[1]

With respect to an award of attorneys' fees and costs, the November 24 Order stated that, at the Final Hearing, the Court will consider "whether Class Counsel's application for attorneys' fees... (the "Fee Petition") should be granted," and it also stated that Class Settlement Counsel shall file the Fee Petition on or before April 6, 2005. *See* November 24 Order at 17-18.

---

[1] The Preliminary Approval Order states that terms used in that order shall have the meaning given them in the Class Agreement. The same convention is being used herein.

The above-quoted language from the November 24 Order was intended to effectuate the terms of the Class Agreement pertaining to attorneys' fees. The Class Agreement provides as follows:

> 13. <u>Attorneys' Fees And Fee Disputes</u>
>
> (a) * * *
>
> (b) <u>Inclusion of Other Plaintiffs Counsel In Fee Award.</u> Additionally, Class Counsel agree to use their reasonable, good faith efforts to include in the fee award all plaintiff counsel *who are currently involved in any Lupron Pricing Litigation* and who timely submit a fee petition to the Settlement Court in order to participate in the settlement process.

Class Agreement at 30 (emphasis supplied).[2]

This paragraph of the Class Agreement was designed to recognize the contributions of plaintiffs' counsel, other than the MDL counsel, to the creation of the settlement fund, and to allow those plaintiffs' counsel to have their time and expenses included in the Fee Petition filed by MDL Class Settlement Counsel.

Notwithstanding this purpose, and notwithstanding the express requirement that other counsel were to have been "currently involved in any Lupron Pricing Litigation," at the time of the Class Agreement, Class Counsel have refused to include in their Fee Petition the time and expense report of the "Kline & Specter Group," though the same was timely submitted to Class Counsel well in advance of the deadline for the Fee Petition. *See* Letter dated April 1, 2005 from Donald E. Haviland, Jr., Esquire to Jeffrey L. Kodroff, Esquire attached hereto as Exhibit "A." Class Counsel also have used this provision as a means to obtain support for the settlement from attorneys who otherwise would have no basis to submit a fee application independently or through Class Counsel.

---

[2] The November 24 Order also expressly incorporates by reference the terms of the Class Agreement. *See* November 24 Order at 5.

Objectors respectfully submit that any such fees are improperly included in the Fee Petition and should be stricken from any fee award in this case.

By way of example, the Fee Petition includes a lodestar amount of $49,601.25 (representing 136.20 hours) plus $338.64 for expenses from the law firm of Zimmerman Reed. The Affidavit of Ronald S. Goldser In Support of Joint Petition for Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of Zimmerman Reed PLLP[3] reports that the following "services" were performed:

> Review the settlement agreement from the perspective of non-SHP third party payers; prepare a proposed objection on behalf of this firm's clients concerning the claims of non-SHP third party payers; negotiate a resolution of the objections of this firm's clients with class counsel; undertake due diligence with respect to the fairness of the settlement as a whole; draft and file motion to intervene and memorandum in support of proposed settlement.

Affidavit of Ronald S. Goldser at ¶ 3. It is clear from this statement that Zimmerman Reed performed no services on behalf of the benefit of the Class in this case, and no service in any way related to litigating this or any other Lupron® Pricing Litigation. The Zimmerman Reed firm was not "currently involved in Lupron Pricing Litigation" at the time the Class Agreement was proffered. (or at any relevant time for that matter). Zimmerman Reed had no hand in creation of the settlement fund. Yet, Class Counsel included their fees and expenses in the Fee Petition.

A review of Zimmerman Reed's Memorandum in Support of Class Plaintiffs' Motion for Approval of the Settlement By Counsel for Parker Hannifin, New York Sheet Metal Workers International Association Health and Welfare Fund Local 28, Cape Health Plan, Community Care Plus, US Health and Life and Others, filed with the Court on April 6, 2005, ("Zimmerman Reed Memorandum") shows that Zimmerman Reed represents 175 health plans (TPPs) that voiced to

---

[3] The time and expense report of Zimmerman Reed appears to include fees and expense for lawyers outside the firm.

Class Counsel their concern and an apparent intention to object to or possibly opt out of the settlement. *See* Zimmerman Reed Memorandum at 1-2 and n.1. According to Class Plaintiffs, 357 TPPs have submitted claims. Stated otherwise, Zimmerman Reed, a former objector that is now advocating for the settlement, represents approximately one-half of all TPPs making claims. At a minimum, the agreement to resolve the objections of Zimmerman Reed's clients must be disclosed and the Court should inquire into the circumstances of the resolution of the objection. *See* FED.R.CIV.PROC. 23(e)(2), (e)(4).

As the above demonstrates, the services performed by Zimmerman Reed and several other firms included in the Fee Petition[4] do not fall within those identified by the Class Agreement for inclusion in the Fee Petition. But for Class Counsel's having included these firms in the Fee Petition, these lawyers would not appear to have a basis for seeking a fee in this litigation. Objectors submit that the inclusion of these lawyers is improper and that such fees and expenses should be stricken from any fee award by the Court.

Dated: April 11, 2005                                    Respectfully submitted,

                                                         Donald E. Haviland, Jr., Esquire
                                                         **KLINE & SPECTER**
                                                         A PROFESSIONAL CORPORATION
                                                         1525 Locust Street, The Nineteenth Floor
                                                         Philadelphia, PA  19102
                                                         215-772-1000 telephone
                                                         215-735-0957 facsimile

---

[4] Included among these lawyers are those that litigated in various state courts, not MDL 1430, such as the McNulty Law Firm (California state court counsel), Provost Umphrey (Texas state court counsel), and Much Shelist (Illinois state court counsel).

> Ronald Ranta, Esquire (B.B.O. No. 546129)
> **FISETTE & RANTA**
> 100 Cummings Center, Suite 221B
> Beverly, MA   01915
> 978-927-8766 telephone
> 978-927-7082 facsimile
>
> Kent Williams, Esquire
> **GIEBEL GILBERT WILLIAMS & KOHL, PLLP**
> Broadway Place West
> 1300 Godward Street, N.E., Suite 6200
> Minneapolis, MN  55413
> 651-633-9000 telephone/651-639-1551 facsimile
>
> **COUNSEL FOR INTERVENORS,**
> **VALERIE SAMSELL AND MILTON GREENE**

G:\DEH\LUPRON MASTER - (200200)\MDL\Pleadings\Intervenor-Objectors Objection to Fee Petition.wpd

# EXHIBIT "A"

# KLINE & SPECTER
A PROFESSIONAL CORPORATION

Direct Fax: 215-735-0957                                                                                      Donald.Haviland@klinespecter.com

April 1, 2005

**VIA HAND DELIVERY**

Jeffrey L. Kodroff, Esquire
**SPECTOR & ROSEMAN & KODROFF**
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Re: *In re Lupron® Marketing and Sales Practices Litigation*; **MDL No. 1430**

Dear Mr. Kodroff:

We received the March 23, 2005 communication you sent to certain counsel in our litigation group, the "Kline & Specter Group," inviting all plaintiffs' counsel "who are currently involved in any Lupron® Pricing Litigation" to submit their respective fees and expenses incurred to Class Plaintiffs' Counsel to be included in the Fee Petition to be filed in MDL 1430 on April 6, 2005. We are responding on behalf of the group, including lawyers who do not represent the Intervenor-Objectors but excluding the Miller Faucher law firm and Goodkind Labaton law firm who are not currently involved in any Lupron® Pricing Litigation.[1]

The agreement we reached with Class Plaintiffs' Counsel in MDL 1430 on September 26, 2004 should be honored. In accordance therewith, MDL counsel should submit all time and expenses incurred by the Kline & Specter Group and MDL counsel group to the Settlement Court.

Enclosed with this letter is a package representing the time and expense of the Kline & Specter Group which was prepared in accordance with the instructions for the requisite "Lupron®

---

[1] In addition, we received word from the Miller Faucher law firm that they expect to file an affidavit in support of a separate request for fees and expenses in MDL 1430.

PHILADELPHIA: 1525 LOCUST STREET • THE NINETEENTH FLOOR • PHILADELPHIA, PA 19102 • 215-772-1000 TELEPHONE • 800-597-9585 TOLL FREE TELEPHONE • 215-735-0957 FACSIMILE

NEW JERSEY: KLINE & SPECTER • 1800 CHAPEL AVENUE, SUITE 302 • CHERRY HILL, NJ 08002 • 856-662-1180 TELEPHONE • 856-662-1184 FACSIMILE
CO-MANAGING ATTORNEYS: ROBERT ROSS AND DONALD E. HAVILAND, JR.

NEW YORK: 230 PARK AVENUE, SUITE 2525 • NEW YORK, NY 10169 • 212-986-6200 X241 TELEPHONE • 800-916-8716 TOLL FREE TELEPHONE

**KLINE & SPECTER**

A PROFESSIONAL CORPORATION

Jeffrey L. Kodroff, Esquire
**SPECTOR & ROSEMAN & KODROFF**
Page 2
March 31, 2005

---

Fee Affidavit" set forth in the email of your colleague, Lisa Mezzetti, dated March 4, 2005. Because no backup for the Fee Affidavit was required, we have not included the same with this transmittal. However, should the Court require the same, we have available the complete backup for submission to the Court upon request.

Yours sincerely,

DONALD E. HAVILAND, JR.

DEH/jn
Enclosure
Via Facsimile without enclosures
cc: All Counsel of Record in MDL 1430
    Lewis B. April, Esquire
    Marvin K. Blount, Jr., Esquire
    Kent Williams, Esquire
    Jonathan Shub, Esquire
    Harry J. Miller, Esquire
    Lawrence Crown, Esquire
    Adam S. Levy, Esquire
    Ronald J. Ranta, Esquire
    Bryan L. Clobes, Esquire
    Bernard Persky, Esquire

G:\DEH\LUPRON MASTER - (200200)\MDL\Letters\Kodroff, Jeffrey (re Fee Affidavit).wpd